CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 25 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| KIASI POWELL, | ) | Civil Action No. 7:11-cv-00139 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN BRIAN WATSON, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Kiasi Powell, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that his institutional conviction and subsequent $2.00 fine violated the due process clause of the Fourteenth Amendment. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing § 2254 Cases. After reviewing plaintiff's petition, I dismiss the petition without prejudice.

I.

Petitioner alleges the following facts in his petition. On June 17, 2010, correctional officers Sumpter and Davis were in the control booth during morning lockdown. The officers told petitioner that he was needed at his law library job and opened his cell door and the pod door for him to walk across the facility to the law library. However, another inmate stopped petitioner in the yard, told petitioner he was not called to the law library, told petitioner that he called petitioner out to meet him in the yard, and wanted petitioner to give another inmate a message written on paper. Petitioner declined the offer and returned to his cell. One of the correctional officers in the booth then wrote up petitioner for the unauthorized transfer of personal property when petitioner handed the written note back to the inmate. The facility disciplinary hearing officer ("DHO") found petitioner guilty and imposed a $2.00 penalty. Petitioner alleges that the correctional officers in the booth colluded with the inmate to set petitioner up for the conviction.

Petitioner also argues that the DHO cannot be impartial because he works at the facility. Petitioner requests as relief that the institutional conviction be expunged and he be reinstated to his prison job.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is a state prisoner's federal remedy to challenge the fact or duration of his physical imprisonment and to seek a speedier release from imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 486, 498-500 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge . . . not [impacting] the fact or length of his custody."); Wolff v. McDonnell, 418 U.S. 554-55 (1974) ("[T]he [Preiser] Court was careful to point out that habeas corpus is not an appropriate or available remedy for damages claims."). Even if the court granted petitioner's requested relief and ordered the defendant to remove the infraction from his prison record, petitioner's length of confinement would not be reduced, and the court cannot impose compensatory damages in this habeas action as relief from the $2 fine. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Therefore, petitioner's claim does not implicate any right to a speedier release from imprisonment. Accordingly, petitioner cannot establish that any violation of federal law lengthened his imprisonment or that any cure would quicken his release from custody, and the court dismisses his petition for a writ of habeas corpus without prejudice. The court declines to construe the petition as a civil rights complaint because the petition makes no

allegation against the sole respondent, which fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the petition for a writ of habeas corpus without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 15th day of March, 2011.

_____
Senior United States District Judge